**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUN CHEMICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.; AMERICAN HOME INSURANCE; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and LANDMARK INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

Defendants American Home Assurance Company incorrectly sued herein as American Home Insurance ("American Home") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") (in its own right and as successor in interest to Landmark Insurance Company ("Landmark")) (collectively the "Removing Defendants"), by and through their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove and give notice of their removal of this action to the United States District Court, District of New Jersey.

**NATURE OF THE ACTION**

1. On or about April 14, 2020, Plaintiff Sun Chemical Corporation ("Plaintiff") commenced this action by filing its Complaint for Declaratory Judgment Action (the "Complaint") in the Superior Court of New Jersey Law Division, Essex County, bearing docket number ESX-L-2674-20. Attached as Exhibit A is to a true and complete copy of the Complaint. Attached as Exhibit B are true and complete copies of the Summonses issued to American Home, National Union, and Landmark. Attached as Exhibit C is a true and complete copy of the Track Assignment Notice issued from the Superior Court of New Jersey, Essex County, Civil Division.

2. Plaintiff has named as defendants American Home, National Union; Landmark, and American International Group, Inc. (Complaint ¶¶ 3-6).

3. Plaintiff seeks a determination as to the availability of insurance coverage for environmental claims arising out of environmental contamination sites. (See Complaint at ¶ 1).

4. Plaintiff identifies the following four insurance policies as being at issue in this action:

a. American Home - primary general liability policy bearing policy number GLA 1980568, with effective dates of December 31, 1986 to August 15, 1987 and a per occurrence and aggregate limit of $1,000,000 (Complaint at ¶ 14).

b. National Union - primary general liability policy bearing policy number GLA 1980567, with effective dates of December 31, 1986 to August 15, 1987 and a per occurrence and aggregate limit of $1,000,000. (Complaint at ¶15).

c. National Union – primary general liability policy bearing policy number GLA 430 0954, with effective dates of August 15, 1987 to August 15, 1988 and a per occurrence and aggregate policy limit of $1,000,000 (Complaint at ¶16).

d. Landmark - umbrella liability policy bearing policy number UMB 600-23-79, with effective dates of December 31, 1986 to December 31, 1987 and a per occurrence and aggregate limit of $5,000,000. (Complaint at ¶17).

5. American International Group, Inc. is not alleged to have issued any insurance policies to Plaintiff.

6. Plaintiff has filed an affidavit of service indicating that Defendant American International Group, Inc. was served a copy of the Complaint on April 23, 2020. Attached hereto as Exhibit D is a true and complete copy of Plaintiff's affidavit of service as to American International Group, Inc.

7. Defendants American Home, National Union, and Landmark were each served a copy of the Complaint on April 27, 2020. Attached hereto as Exhibit E are true and complete copies of Plaintiff's proofs of service as to American Home, National Union, and Landmark.

8. Accordingly, removal is timely pursuant to 28 U.S.C. §1446(b) in that the filing of this Notice occurred within thirty (30) days after service of the Complaint on the last-served defendant.

9. As of the date of filing of this Notice, no activity has occurred in the Superior Court of New Jersey, Law Division, Essex County, action, docket number ESX-L- 002674-20.

10. Pursuant to 28 U.S.C. §1446(a), we annex copies of the following documents, which constitute a true and correct copy of all process, pleadings and orders that have been filed in this matter to date:

a. Exhibit A – Complaint;

b. Exhibit B – Summons to Defendants American Home, National Union, and Landmark;

c. Exhibit C – Track Assignment Notice;

d. Exhibit D – Affidavit of Service as to Defendant American International Group, Inc.; and

e. Exhibit E – Proof of Service as to Defendants American Home, National Union, and Landmark.

11. A copy of this Notice of Removal is being filed with the Clerk for the Superior Court of New Jersey, Essex County, together with the Notice of Filing of Notice for Removal.

12. A completed civil cover sheet and four hard-copies of this Notice of Removal with all exhibits are being simultaneously delivered to the Clerk of the District Court for the District of New Jersey in compliance with L. Civ. R. 5.1(e).

13. A copy of this Notice of Removal, together with a copy of the Notice Filing of Notice of Removal, is being served on all parties.

14. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

**DIVERSITY JURISDICTION**

15. This action is properly removable under 28 U.S.C. §1441(a) because this Court has original jurisdiction of this action under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States ..."

**AMOUNT IN CONTROVERSY**

16. Plaintiff seeks declaratory relief and reimbursement for investigation and remediation costs for two of the largest environmental clean-up sites in New Jersey - Lower Passaic River and Berry's Creek Study Area. (Complaint at ¶¶ 1, 12-13, 19-36, 52-57).

17. Plaintiff seeks a declaration of its rights and reimbursement under three primary insurance policies, each with a limit of $1,000,000. (Complaint at ¶¶ 14-16). Plaintiff also seeks a declaration as to its rights and reimbursement under an umbrella insurance policy, which has a $5,000,000 limit. (Complaint at ¶ 17). The umbrella policy provides certain coverage upon exhaustion of the underlying primary layer, which in this case would be $1,000,000. (See

Complaint at ¶¶ 14-16). The limits of these policies from which Plaintiff seeks a declaration of rights and reimbursement support the conclusion that the $75,000 jurisdictional limit is easily satisfied in this matter.

18. Removing Defendants are also in possession of communications from Plaintiff which assert that this matter has a value well above of the $75,000 jurisdictional limit. To protect Plaintiff's right to confidentiality, Removing Defendants do not attach these communications hereto. However, Removing Defendants are prepared to make these communications available for an *in camera* review upon request of this Court should it require additional proofs as to the amount in controversy.

19. Removing Defendants therefore submit that the total amount in controversy exceeds $75,000, exclusive of interest and costs.

**PARTIES AND DIVERSITY OF CITIZENSHIP**

20. Plaintiff avers that it is a Delaware corporation with its principal place of business at 35 Waterview Boulevard, Parsippany, New Jersey 07054, thus making Plaintiff a citizen of Delaware and New Jersey for purposes of diversity pursuant to 28 U.S.C. §1332(c). Complaint at ¶2.

21. Plaintiff avers that Defendant American Home is a New York corporation with its principal place of business at 175 Water Street, New York, New York, thus making Defendant American Home a citizen of New York for purposes of diversity pursuant to 28 U.S.C. §1332(c). Complaint at ¶4.

22. Plaintiff avers that Defendant National Union is a Pennsylvania corporation with its principal place of business at 175 Water Street, New York, New York, thus making Defendant National Union a citizen of Pennsylvania and New York for purposes of diversity pursuant to 28 U.S.C. §1332(c). Complaint at ¶5.

23. Plaintiff avers that Defendant Landmark is a Pennsylvania corporation with its principal place of business at 175 Water Street, New York, New York, thus making defendant Landmark a citizen of Pennsylvania and New York for purposes of diversity pursuant to 28 U.S.C. §1332(c). Complaint at ¶6.

24. Plaintiff avers that Defendant American International Group, Inc. is a Delaware corporation, which has its principal place of business at 175 Water Street, New York, New York, thus making Defendant American International Group, Inc. a citizen of Delaware and New York for purposes of diversity pursuant to 28 U.S.C. §1332(c). Complaint at ¶3. However, as set forth herein, Defendant American International Group, Inc. was fraudulently joined in this action for the sole purpose of defeating complete diversity. As such, American International Group, Inc. and its citizenship should not be considered for purposes of determining whether the requirement of complete diversity under 28 U.S.C. §1441 (a) is satisfied.

25. Diversity jurisdiction normally requires the existence of complete diversity, such that all defendants must have different citizenship from that of the plaintiff. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citing 28 U.S.C. §1332).

26. One exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined. *In re. Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) (recognizing that "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity" and stating that "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."). Under the fraudulent joinder doctrine, a party's joinder is improper if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute

the action against the defendant or seek a joint judgment." *Id.* at 216 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A district court has authority to disregard the citizenship of improperly joined defendants and to exercise jurisdiction where complete diversity otherwise exists among the remaining parties. *See, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("Jevic was a fraudulently joined party and its status as a Defendant could not be used to defeat otherwise proper federal jurisdiction").

27. It is evident from the Complaint that Plaintiff has no good-faith basis to prosecute an action against American International Group, Inc., and that no reasonable basis exists for asserting a claim or cause of action that would impose liability upon American International Group, Inc. This is evidenced further by the fact that there are no allegations against American International Group, Inc. in the Complaint.

28. Plaintiff's claims are entirely based on and seek a declaratory judgment as to the rights and obligations under the four insurance policies identified in the Complaint. (Complaint at ¶¶ 52-57). American International Group, Inc. did not issue and was not a party to any of the subject insurance policies. (Complaint at ¶¶ 14-17).

29. In turn, Plaintiff's claims against American International Group, Inc. are legally impossible. "It is crystal clear that, under New Jersey law, an insured party may only assert a breach of contract action against the insurance carrier who issued the policy of insurance." *Pegg v. United Servs. Auto. Ass'n*, No. CIV. A. 09-2108 SRC, 2009 WL 2928920, at *2 (D.N.J. Sept. 9, 2009) (denying motion to remand and dismissing the non-diverse and fraudulently joined party who did not issue the subject policy to the plaintiff); *see also Curtis-Wright Corp. v. CNA Financial Corp.*, 2012 WL 1044493 (D.N.J. Jan. 26, 2012) (Magistrate report and recommendation, which was adopted by the court, denying motion to remand based on conclusion that non-diverse insurance holding company was a fraudulently joined party for

breach of contract and declaratory judgment claims arising out of alleged improper denial of benefits under a policy issued by its subsidiary company), adopted by 2012 WL 1046536 (D.N.J. Mar. 28, 2012).

30. Since Plaintiff does not assert any viable claims against American International Group, Inc., and Plaintiff does not allege any fact upon which any finder of fact or the Court could base declaratory relief under policies of insurance not issued by American International Group, Inc., American International Group, Inc. is a fraudulently joined party and should be ignored for purposes of determining whether removal is proper.

31. The requirements of 28 U.S.C. §1441 (a) are satisfied because complete diversity exists between Plaintiff and the remaining defendants.

32. Defendant American International Group, Inc. hereby consents to the removal of this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey. This is not an admission that American International Group, Inc. was properly joined as a defendant to this action or that this court has personal jurisdiction over American International Group, Inc.

**WHEREFORE**, Removing Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

Dated: May 22, 2020

***/s/ Kevin MacGillivray***

Kevin MacGillivray, Esq.
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
Morristown, NJ 07960
Tel: (973) 993-8100
macgillivrayk@mdmc-law.com
Attorneys for Defendants American Home Assurance Company, National Union Fire Insurance Company of Pittsburgh, Pa. (in its own right and as successor in interest to Landmark Insurance Company), and American International Group, Inc.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Kevin MacGillivray, hereby certify pursuant to Local Civil Rule 11.2, that, with the exception of the Superior Court of New Jersey, Essex County, Law Division, action bearing docket number ESX-L-2674-20 that is the subject of this Notice of Removal, the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I certify that the foregoing statements made by me are true, and I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

Dated: May 22, 2020

By: ***/s/ Kevin MacGillivray***

Kevin MacGillivray, Esq.
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
Morristown, NJ 07960
Tel: (973) 993-8100
macgillivrayk@mdmc-law.com
Attorneys for Defendants American Home Assurance Company, National Union Fire Insurance Company of Pittsburgh, Pa. (in its own right and as successor in interest to Landmark Insurance Company), and American International Group, Inc.