NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUN CHEMICAL CORPORATION, | : | **Civil Action No. 20-6252 (SRC)** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| AMERICAN HOME ASSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; LANDMARK INSURANCE COMPANY; and AMERICAN INTERNATIONAL GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

     This matter comes before the Court on Plaintiff Sun Chemical Corporation's motion to remand the matter to state court and cross-motion to amend the Complaint, and Defendant American International Group, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(2) and 12(b)(5), and motion for judicial notice pursuant to Federal Rule of Evidence 201.

     The motions have been fully briefed, and the Court has reviewed the papers filed by the parties. It proceeds to rule on the motions without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will deny Plaintiff's motion to remand, deny Plaintiff's cross-

motion to amend the Complaint, grant Defendant American International Group, Inc.'s motion to dismiss on all grounds and grant Defendant's motion for judicial notice.

I.   BACKGROUND

a.   PROCEDURAL HISTORY

This is a declaratory judgment action that was originally brought by Plaintiff, Sun Chemical Corporation ("Sun Chemical"), in the Superior Court of New Jersey, Essex County, Law Division on April 14, 2020. On May 22, 2020, Defendants American Home Assurance Company ("American Home") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), with the consent of all Defendants, removed the action to this Court on the basis of diversity jurisdiction. In their Notice of Removal, Defendants claimed that Defendant American International Group, Inc. ("AIG") was fraudulently joined, and that the inclusion of AIG as a party to the action should be disregarded for the purposes of diversity.

b.   FACTUAL BACKGROUND

On December 31, 1986, Sun/DIC Acquisition Corporation acquired assets of the inks and pigments business that were previously operated by the Sequa Corporation. The acquisition of these assets occurred pursuant to a written contract. In connection with the contract, Sun/DIC Acquisition Corporation, which later changed its named to Sun Chemical, continued some of Sequa's inks and pigments operations at various locations in New Jersey. Thereafter, American Home, National Union, and Landmark Insurance Company ("Landmark") issued insurance policies to Sun/DIC Acquisition Corporation.

In 2006, Sun Chemical received a General Notice Letter from the Environmental Protection Agency alleging that it, as well as other potentially responsible parties, was subject to CERCLA liability exposure in connection with the Passaic River and the Berry Creek's Study

2

Area. Additionally, between October 2017 and July 2018, Sun Chemical was named as a Defendant in several litigation matters related to the Passaic River and Berry Creek's Study Area claims. Sun Chemical is also involved in two confidential mediations related to these environmental claims. Thereafter, Sun Chemical placed American Home, National Union, Landmark, and AIG on notice for "potential claims for environmental costs and fees, including litigation costs and expenses, incurred by Sun Chemical with respect to ongoing environmental matters associated with Sun Chemical's operations in New Jersey." (Plaintiff's Br. 6.) Sun Chemical, in placing these insurance companies on notice, sought coverage under the prior insurance policies that it had with American Home, National Union, and Landmark for the potential claims brought against it. Sun Chemical and the insurance companies, as well as AIG Claims, Inc., acting on behalf of AIG, were unable to agree upon the type and extent of the coverage that would be afforded to Sun Chemical under these policies. Having been unable to come to an agreement, Sun Chemical filed this lawsuit.

In the subject Complaint, Plaintiff seeks judgment declaring that Defendants are obligated to afford Plaintiff with defense and indemnification coverage, as well as reimburse Plaintiff for environmental liabilities under the insurance policies issued by the Defendant insurance companies. There are four separate insurance policies issued to Sun Chemical that are central to this action. The policies at issue are: 1) a general liability policy issued to Sun/DIC Acquisition Corporation on December 31, 1986 by American Home; 2) a general liability policy issued to Sun/DIC Acquisition Corporation on December 31, 1986 by National Union; 3) a general liability policy issued to Sun on August 15, 1987 by National Union; and 4) an umbrella liability policy issued to Sun/DIC Acquisition Corporation on December 31, 1986 by Landmark. The Complaint notes that Sun/DIC Acquisition Corporation is the "entity that acquired certain

3

inks and pigment assets from Sequa and subsequently changed its name to Sun Chemical Corporation." (Compl. ¶ 14.)

Plaintiff Sun Chemical is a Delaware corporation and its principal place of business is located at 35 Waterview Boulevard, Parsippany, New Jersey. Defendant AIG is a Delaware Corporation, Defendant American Home Assurance Company is a New York corporation, Defendant National Union Fire Insurance Company of Pittsburgh, PA is a Pennsylvania corporation, and Defendant Landmark Insurance Company is a Pennsylvania corporation. All four named defendants have a principal place of business located at 175 Water Street, New York, New York. American Home, National Union, and Landmark are member companies of AIG. The Complaint states that Defendant AIG, through its authorized representative, handles the claims for each of its member companies.

## II.   SUBJECT MOTIONS

On June 19, 2020, Plaintiff filed a motion to remand the matter to the Superior Court of New Jersey, Essex County, Law Division. Plaintiff claims that remand is proper because AIG was not fraudulently joined. Sun Chemical asserts that it has a reasonable basis to pursue its claims against Defendant AIG and therefore seeks a joint judgement against AIG. Plaintiff simultaneously filed a cross-motion to amend the Complaint and add Sequa Corporation as a defendant. Plaintiff claims that Sequa is a necessary and indispensable party to the subject litigation and must be added. The addition of Sequa, a Delaware corporation, as a defendant would destroy diversity and require that the matter be remanded to state court. Defendants oppose both motions.

On June 23, 2020, Defendant AIG filed a motion to dismiss. Defendant argues that the claims against AIG should be dismissed for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6), lack of personal jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(2), and insufficient process pursuant to Federal Rule of Civil Procedure

12(b)(5). In support of its motion to dismiss, Defendant AIG also filed a motion for judicial

notice pursuant to Federal Rule of Evidence 201 and asks the Court to take judicial notice of

certain documents. Plaintiff opposes the motion to dismiss and asserts that Sun Chemical brought

a valid claim against AIG under the New Jersey Declaratory Judgment Act. Plaintiff further

claims that this Court has personal jurisdiction over AIG and disputes the allegation that AIG

was improperly served. Defendant's motion for judicial notice is unopposed.

### III.   DISCUSSION

#### a.   SUN CHEMICAL'S MOTION TO REMAND

Plaintiff Sun Chemical filed a motion to remand the matter to the Superior Court of New

Jersey, Essex County, Law Division. Sun Chemical argues that remand is proper because

diversity jurisdiction does not exist due to the inclusion of Defendant AIG, a Delaware

corporation, as a named defendant. Plaintiff alleges that Defendant AIG was not fraudulently

joined and provides two arguments in support of this contention. First, Plaintiff states that AIG is

an interested party to the proceeding and therefore, pursuant to the New Jersey Declaratory

Judgment Act, AIG must be included as a defendant in the action. Second, Plaintiff claims that it

"intends in good faith to prosecute the claim against AIG" and seek a joint judgment. In

response, Defendant AIG alleges that AIG was fraudulently joined and that Plaintiff's sole cause

of action—for declaratory judgment—cannot be issued against AIG, an insurance holding

company and parent company to American Home and National Union, and can only be issued

against the insurance companies themselves.

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case. Desi's Pizza, Inc. v. City of Wilkes–Barre, 321 F.3d 411, 420 (3d Cir. 2003) (citing Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002)). Pursuant to 28 U.S.C. § 1447(c), the Court must remand a case that has been removed over which the Court lacks subject matter jurisdiction. Plaintiff claims that this Court lacks subject matter jurisdiction over the instant action because Plaintiff and AIG are non-diverse parties. Defendant contends that removal was proper because AIG was fraudulently joined by Plaintiff so as to defeat this Court's diversity jurisdiction.

In the absence of federal question jurisdiction, the Third Circuit has clearly and unequivocally held that a defendant may avoid remand, even where a non-diverse party has been joined as a defendant, by demonstrating that the non-diverse party was fraudulently joined. Batoff v. State Farm Insurance Company, 977 F.2d 848, 851 (3rd Cir. 1992). If a plaintiff fails to state a cause of action against the non-diverse defendant, the Court may dismiss the non-diverse defendant and maintain the action in federal court. See, e.g., Salvaggi v. Prudential Prop. and Cas. Ins. Co., 871 F.Supp. 815, 818 (E.D. Pa. 1995). In Batoff v. State Farm Insurance Company, the Court held that joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" 977 F.2d at 851 (citing Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). In evaluating whether a challenged claim is "colorable," the Third Circuit has directed that, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Batoff, 977 F.2d at 871; see also Pinnacle Choice, Inc. v. Silverstein No. 07-

5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008) ("Fraudulent joinder is about frivolousness. It must be impossible for a state court to find that a plaintiff has stated a valid cause of action."). Therefore, the court's analysis of whether a plaintiff has asserted colorable claims "should not be penetrating" and is distinct from the standard required for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Batoff</u>, 977 F.2d at 853, 852 (noting that "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief can be granted.").

In the matter at bar, Sun Chemical seeks declaratory relief against the named insurance companies as well as Defendant AIG. The declaratory relief that Sun Chemical seeks is entirely based on the contractual obligation between Plaintiff and the named insurance companies. Specifically, Plaintiff seeks judgment declaring that the Defendant insurance companies are obligated to afford Plaintiff with defense and indemnification coverage, as well as reimburse Plaintiff for environmental liabilities under the insurance policies that were issued. The relief sought is based entirely on the contractual relationship between Sun Chemical and the named insurance companies, and therefore, Sun Chemical can only seek relief against parties that it obtained insurance policies from. Here, Sun Chemical was issued insurance policies by American Home, National Union, and Landmark, all of whom are insurance companies and named defendants in the subject litigation.

The fact that AIG, Inc., or AIG Claims, which is not a named party to the matter, is allegedly an "authorized administrator" or "authorized representative" in handling the claims for the Defendant insurance companies is of no moment. AIG's, or AIG Claims', purported role as

an administrator or processor of the claims is completely irrelevant to the contractual insurance

liability of the Defendant insurance companies. Significantly, Plaintiff does not contend that it

has or had a contract with AIG or AIG Claims, and does not contend that it was issued an

insurance policy by either company. Given this, neither AIG nor AIG Claims could have

possibly breached a contractual obligation with Plaintiff, and Plaintiff subsequently cannot

obtain relief against either AIG or AIG Claims in the form of a declaratory judgment. Rather, the

insurance companies themselves are the only parties that Sun Chemical can in fact obtain a

declaratory judgment from. Any purported financial interest that AIG may have is irrelevant to

the subject action as AIG has not entered into a contract for insurance coverage with Plaintiff,

AIG could not have breached a contractual obligation absent such a contract, and no form of

relief sought in the Complaint could apply to AIG.

      Plaintiff seeks only a declaration that it is entitled to defense and indemnification

coverage, in addition to reimbursement for environmental liabilities. The coverage and relief

sought by Plaintiff can only be obtained from parties with whom it entered into a contract.

Because Sun Chemical did not have a contract or insurance policy issued by AIG, Sun Chemical

cannot bring a viable claim for declaratory judgment against AIG.[1] Because there is "no

reasonable basis in fact or colorable ground supporting the claim" against AIG, the inclusion of

AIG as a defendant constitutes a fraudulent joinder. The Court will therefore disregard the

citizenship of AIG in its diversity analysis and deny Plaintiff's motion to remand the matter to

state court.

---

[1] Sun Chemical could only possibly bring a claim against AIG if it asked this Court to pierce the corporate veil in order to hold AIG liable. However, Plaintiff explicitly states that it is not asking the Court to pierce the corporate veil and rather, only brings a claim for declaratory judgment against AIG.

### b.  SUN CHEMICAL'S CROSS-MOTION TO AMEND THE COMPLAINT

Sun Chemical moves to amend the Complaint and add Sequa Corporation as a defendant. In support of its cross-motion to amend the Complaint, Plaintiff contends that Sequa is necessary and indispensable to the action because of its status as an "interested party." Plaintiff explains that Sequa, in a separate matter involving itself and Sun Chemical, has demanded that Sun Chemical indemnify it for various environmental claims. Sun Chemical claims that in the matter involving Sequa, Sun Chemical seeks coverage from the Defendant insurance companies under the policies that are the subject of the matter before this Court. Based on this, Plaintiff claims that Sequa is an interested party and must be joined as a defendant pursuant to both Federal Rule of Civil Procedure 19 as well as the New Jersey Declaratory Judgment Act. N.J.S.A. 2A:16-56.

Defendant AIG opposes Sun Chemical's cross-motion to amend the Complaint and argues that Sequa is neither a necessary nor indispensable party. Defendant notes that Plaintiff has presented no explanation as to why Sequa should be considered a necessary party, and contests that Sequa is necessary under Federal Rule of Civil Procedure 19(a). Defendant argues that Sequa's sole interest in the pending declaratory judgment action before this Court is based on the availability of insurance proceeds for recovery against Sun Chemical in a separate, pending matter. Thus, Defendant claims that Sequa's interest in this action is merely financial and insufficient to satisfy the requirements of Rule 19. Additionally, Defendant disputes Plaintiff's claim that joinder is required under the New Jersey Declaratory Judgment Act and argues that Plaintiff's reliance on this statute is misplaced. Rather, Defendant contends that, under the Erie doctrine, this Court must apply the Federal Declaratory Judgment Act, which supplies the governing procedural law, while sitting in diversity. Defendant argues that because Rule 19 governs federal declaratory judgment actions, and because Sequa is not necessary or

indispensable under Rule 19, Sequa should not be joined as a defendant and Plaintiff's cross-motion must be denied.

### i. COMPULSORY JOINDER

Federal Rule of Civil Procedure 19 governs whether a party is indispensable in a particular matter by outlining a two-step analysis. In the first step, the Court must determine whether it is necessary to join the non-joined party, according to the standard provided by Rule 19(a). Gen. Refractories Co. v. First Sale Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). So long as joinder will not deprive the court of subject-matter jurisdiction, a non-joined party must be joined if "the court cannot accord complete relief among existing parties" in the non-joined party's absence, or if the non-joined party has an interest in the litigation, and the non-joined party's absence may impede that party's ability to protect that interest or force the existing parties to risk inconsistent obligations. Fed. R. Civ. P. 19(a).

If joinder is required under Rule 19(a) but is not feasible, for instance because joinder would destroy diversity jurisdiction, the court must determine whether the non-joined party is indispensable under Rule 19(b). Id. The court weighs the following factors to determine if a party is indispensable: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which such prejudice can be avoided by protective provisions in the judgment or the shaping of relief; (3) the adequacy of the judgment in the absence of the person; and (4) the availability of an adequate remedy for the plaintiff if the action is dismissed for non-joinder. Fed. R. Civ. P. 19(b).

If the non-joined party is both necessary and indispensable to the action, the entire action must be dismissed. Gen. Refractories, 500 F.3d at 312 (citation omitted). The burden of proof rests on the party raising this defense to "show that the person who was not joined is needed for a

just adjudication." 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1609 (3d ed. 2001).

In conducting its analysis as to whether joinder is required, the Court must only determine whether Sequa is necessary and indispensable under Federal Rule of Civil Procedure 19 and cannot consider whether joinder is required under the New Jersey Declaratory Judgment Act. The Declaratory Judgment Act is "procedural only." <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240 (1937). Under the <u>Erie</u> doctrine, this Court, sitting in diversity, must apply substantive state law and federal procedural law. <u>See</u> <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 158 (3d Cir. 2000) (citing <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938)) ("A federal court sitting in diversity must apply state substantive law and federal procedural law."). Thus, the procedural law governing the Federal Declaratory Judgement Act and required joinder controls. Applying federal procedural law, the Court is tasked with determining whether joinder is required under Federal Rule of Civil Procedure 19.

Here, Sequa Corporation is neither necessary nor indispensable to the action. As previously explained, the matter at bar involves only those entities that were parties to the insurance contracts at issue. Sequa's purported interest in the litigation is limited to the outcome and the financial impact that a declaratory judgment may have on the insurance policies at issue in this case: the subject insurance policies are a potential source of money that Plaintiff Sun Chemical could use to compensate Sequa in its separate, pending lawsuit, if required to do so. However, the fact that Sequa may have a potential financial interest as to the outcome of this litigation does not make it a necessary or indispensable party to this matter. In fact, if anything, Defendant is correct that if the Court were to allow or require the joinder of Sequa, Sequa would likely be joined as a party plaintiff; Sequa's interests in this matter align with those of Plaintiff

Sun Chemical rather than the Defendant insurance companies. Plaintiff has failed to assert any claim against Sequa, and it appears that the interests of Plaintiff Sun Chemical and Sequa are similar: both share common interests as insured parties and both are seeking either coverage or a declaration of rights from the Defendant insurance companies. Nevertheless, it is clear to this Court that the joinder of Sequa, as either a plaintiff or defendant, is not required in this case. Plaintiff has presented no facts supporting the notion that Sequa is necessary or indispensable, and the facts regarding the subject litigation show that Sequa has no involvement in the controversy at bar and only has a potential financial interest in the outcome of the case. Sequa's relationship to the subject litigation fails to satisfy the requirements of Federal Rule of Civil Procedure 19, and the Court finds that Sequa is neither necessary nor indispensable to the subject litigation. Thus, the Court rejects Plaintiff's contention that the joinder of Sequa is required under Rule 19.

### ii. PERMISSIVE JOINDER UNDER U.S.C. § 1447(E)

In support of its motion to amend and add Sequa as a party defendant, Plaintiff alternatively contends that the Court should allow for the joinder of Sequa, a non-diverse party, under U.S.C. § 1447(e). Section 1447(e) directs that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Plaintiff asks the Court to permit joinder and remand the action to state court because the inclusion of Sequa as a named defendant will destroy diversity jurisdiction.

Federal Rule of Civil Procedure 15(a) directs that leave to amend a pleading "shall be freely given when justice so requires." Grounds for denying leave to amend include but are not

limited to undue delay, bad faith, undue prejudice, and futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

When the proposed amendment to the Complaint would seek to add a party that would destroy diversity jurisdiction, as is the case here, the Court should also consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Gilberg v. Stepan Co., 24 F.Supp.2d 355, 357 (D.N.J. 1998) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989)).

Although the Third Circuit has not explicitly adopted the Fifth Circuit's framework established under Hensgens, District Courts within the Third Circuit have analyzed Section 1447(e) motions using this four-factor test. See City of Perth Amboy v. Safeco Insurance Company of America No. 07-4420, 539 F.Supp.2d 742 (D.N.J. Mar. 10, 2008). Having already determined that Sequa is neither a necessary nor indispensable party and joinder is not required, this Court will follow suit and evaluate each of the Hensgens factors to determine whether the Court should permit joinder under Section 1447(e).

The first Hensgens factor instructs courts to evaluate the extent to which the purpose of the amendment is to defeat federal jurisdiction. Here, the Court notes that Sun Chemical and Sequa are parties in a separate lawsuit that has been pending since 2017. Thus, it appears clear that Sun Chemical has been aware of any purported interest or involvement that Sequa may have in the present matter. Moreover, Plaintiff has presented no justification for the post-removal joinder of Sequa. Sun Chemical does not present new facts explaining why it seeks to add Sequa as a defendant at this juncture. Given that Plaintiff sought to add Sequa, a Delaware corporation,

only after the inclusion of Defendant AIG was challenged, this Court can fairly infer that the purpose of the subject amendment is to defeat federal jurisdiction and remand the matter back to state court. The Court finds that the first <u>Hensgens</u> factor weighs strongly against granting Plaintiff's application.

The second <u>Hensgens</u> factor similarly weighs against granting Plaintiff's motion to amend to permit the post-removal joinder of Sequa. Under <u>Hensgens</u>' second factor, courts are to consider whether Plaintiff was dilatory in asking for the amendment. In the matter at bar, Plaintiff waited twenty-eight days after removal to file its motion to amend the Complaint and add Sequa as a party to the litigation. Although a twenty-eight day delay is by no means egregious, it remains true that Plaintiff has provided this Court with no explanation as to why it failed to act sooner. Moreover, because Sun Chemical was aware of Sequa's involvement with the environmental claims since at least 2017, when its lawsuit with Sequa commenced, any delay in adding Sequa as a party to the subject lawsuit is difficult to explain. Because of this, the Court finds that Sun Chemical was somewhat dilatory in seeking to amend the Complaint and the second <u>Hensgens</u> factor weighs against granting Plaintiff's motion.

This Court's analysis of the third and fourth <u>Hensgens</u> factors also weigh against permitting the post-removal joinder of Sequa. The third <u>Hensgens</u> factor directs courts to consider whether Plaintiff will be significantly injured if amendment is not allowed and the fourth factor asks courts to consider any other equitable factors. In the matter at bar, Plaintiff states that it will be prejudiced if a necessary and indispensable party, i.e. Sequa, is not joined in the action. This Court has already determined that Sequa is neither necessary nor indispensable under Rule 19. Plaintiff has presented no other explanation as to how it will be injured if its request to amend the Complaint is not granted. Similarly, the Court rejects Plaintiff's claim that

14

granting the amendment will preserve judicial resources; Plaintiff fails to explain why or how denying the subject request to amend will risk parallel litigation in state court. The Court finds that no substantial risk exists and therefore, both the third and fourth factors under <u>Hensgens</u> weigh against granting Plaintiff's request to join Sequa in the action.

Because all four of the Hensgens factors weigh against granting Plaintiff's motion to amend the Complaint, the Court will deny Plaintiff's application to amend the Complaint and join Sequa in the instant action.

### c. DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE

Defendant American International Group moves to dismiss the action filed against it on three separate grounds: Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(5). In support of its motion to dismiss, Defendant filed a motion for judicial notice pursuant to Federal Rule of Evidence 201 wherein it asks this Court to take judicial notice of several public documents. Specifically, Defendant asks the Court to take judicial notice of the "pertinent pages" provided by Defendant from the following public documents: 1) American International Group, Inc.'s 2019 Annual Report Form 10-K; 2) a Decision and Order of the Pennsylvania Insurance Commissioner dated March 21, 2011; 3) the State of Delaware Annual Franchise Tax Report for American International Group, Inc. for the tax year 2018; 4) a certificate from the State of Delaware Secretary of State regarding the American International Group, Inc. 2019 Annual Report; and 5) a portion of the New Jersey Department of Banking and Insurance website.

Plaintiff Sun Chemical does not oppose Defendant's motion for judicial notice. The Court has reviewed Defendant's motion for judicial notice as well as the relevant documents that it asks the Court to judicially notice. The subject documents are public records and fall under the purview of Federal Rule of Evidence 201. In light of the foregoing, the Court will grant Defendant's uncontested motion for judicial notice.

### i.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant AIG moves to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In support of its motion, Defendant AIG asserts that it lacks sufficient contacts with the state of New Jersey to support personal jurisdiction. The Third Circuit has held that, on a Rule 12(b)(2) motion, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

This Court, sitting in diversity, "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Hotel, 49 F. Supp. 2d 743, 746 (D.N.J. 1999); see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to 'due process of law'"). The Fourteenth Amendment's due process clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). It is well-established that a determination of whether due process permits a court to assert its power over a nonresident

defendant must focus on "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773, 1779 (2017).

 In that regard, Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.; Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum. Id.

 In its motion to dismiss, AIG argues that there are no grounds for this Court to exercise either specific or general jurisdiction over AIG. Defendant notes that AIG, a corporation with citizenship in New York and Delaware, does not have continuous and systematic contact with the state of New Jersey necessary to establish general jurisdiction: AIG is not an insurance holding company that issues insurance policies and subsequently does not issue any policies in New Jersey. Defendant contends that AIG also lacks the minimum contacts necessary to establish specific jurisdiction in New Jersey. In response, Plaintiff argues that AIG is subject to specific jurisdiction in New Jersey.

It is clear to this Court, and appears to be undisputed among the parties, that general jurisdiction does not exist in this case: AIG is a citizen of Delaware and New York and there are no facts presented establishing that AIG has the requisite continuous and systematic contact with the state of New Jersey to establish general jurisdiction. However, the parties dispute whether specific jurisdiction is present in this case. Plaintiff's contention that AIG is subject to specific jurisdiction in New Jersey is based entirely on its position that AIG Claims was engaging in communications regarding the claims handling process in the state of New Jersey. Even if the Court accepts this as true, such conduct and communications fail to establish that AIG is subject to specific jurisdiction in this forum. Specific jurisdiction exists where the litigation arises out of or relates to the defendant's contacts with the forum. Here, Plaintiff's cause of action seeking declaratory judgment does not arise out of communications or contacts involving the claims handling process. Rather, the cause of action relates to the rights and obligations that the Defendant insurance companies allegedly owe Plaintiff under the four relevant insurance policies that are the focus of this litigation. These facts distinguish this case from Composite Company, Inc. v. American International Group, Inc., a case that Plaintiff heavily relies upon in its submission to this Court. 988 F.Supp.2d 61 (D.Mass 2013). In Composite, the United States District Court for the District of Massachusetts found that AIG was subject to its personal jurisdiction. However, in that case, the claims brought against AIG did not solely involve the rights and obligations owed to the plaintiff under the relevant insurance contract. Rather, the Complaint also included causes of action that centered upon how AIG handled the claims and reimbursements. The Complaint in this matter does not include claims of that sort and solely focuses on the four relevant insurance policies.

18

Here, Plaintiff's cause of action does not arise out of any of the contacts that AIG Claims allegedly had within the state of New Jersey. The cause of action arises out of insurance contracts with insurance companies and Sun Chemical. Assuming arguendo that AIG Claims did have the requisite contacts in New Jersey to purposefully avail itself in the forum state, AIG Claims is not the defendant in this case and such contacts have no bearing on whether Defendant AIG is subject to specific jurisdiction in this Court. Given this, the Court will not grant Plaintiff's request to engage in any jurisdictional discovery. Jurisdictional discovery is appropriate when the Court is presented with facts that suggest, with reasonable particularity, the "possible existence of the requisite 'contacts between the party and the forum state[.]'" Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147 (3d Cir. 2010) (quoting Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). Plaintiff has failed to present any facts or discrepancies that demonstrate the existence of a jurisdictional issue related to Defendant AIG and its alleged contacts in this state. The Court finds that Plaintiff's claims against Defendant AIG must be dismissed for lack of personal jurisdiction. Furthermore, the Court finds that, based on the factual allegations presented, there is no basis to grant Plaintiff's request for jurisdictional discovery.

## ii.  MOTION TO DISMISS FOR INSUFFICIENT SERVICE

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move for dismissal of a complaint when service of process is insufficient. Defendant AIG moves for dismissal on alternative grounds based on insufficient service and alleges that it was improperly served in the state of New York. Sun Chemical claims that it complied with the service requirements stipulated under the relevant New Jersey Court Rules and that any error was immaterial because all parties were aware, prior to service, that AIG could not be served in New Jersey.

19

New Jersey Court Rule 4:4-4(a) directs that "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3." If the personal service requirements under Rule 4:4-4(a) and 4:4-3 cannot be met, New Jersey Court Rules provide ways in which a party can meet the service requirements when serving a party in another state. Under this substituted service method, the rules require that the party first file an affidavit satisfying that, despite the party's diligent efforts, it was unable to effectuate service within the state. N.J. Ct. R. 4:4-4(b)(1).

Here, there is no dispute that Sun Chemical did not file an affidavit prior to service in New York. Sun Chemical admits in its submission to this Court that an affidavit of this sort should have been filed. However, Plaintiff contends that the purpose of the affidavit is to establish the impossibility of service in the state of New Jersey and claims that its failure to file the affidavit was negligible as Defendant AIG was already aware that it could not be served in New Jersey. The Court notes that Sun Chemical submitted an affidavit of diligent inquiry with its submission to this Court.

Sun Chemical candidly admits that it did not file the required affidavit in New Jersey prior to effectuating service in New York. New Jersey Court Rule 4:4-4(b)(1) requires that an affidavit be filed prior to service in another state. By failing to submit this required document, Sun Chemical failed to comply with New Jersey's service requirements. The fact that this service requirement was not met provides this Court with an additional, alternative basis to grant Defendant's motion to dismiss. Consequently, the Court will dismiss the Complaint for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5).

20

### iii.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant AIG moves to the dismiss the Complaint in its entirety against AIG on alternative grounds for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court, for the foregoing reasons, finds that Plaintiff has failed to state a claim against Defendant AIG and will grant Defendant's motion pursuant to Rule 12(b)(6). Thus, even if the Court did find personal jurisdiction and did not dismiss the Complaint for insufficient service, the Court will nonetheless dismiss the Complaint against AIG because the Complaint fails to bring a claim against AIG that is plausible on its face and of which any form of relief can be granted.

In its motion to dismiss for failure to state a claim, Defendant alleges that AIG, an insurance holding company and parent company to American Home and National Union, did not issue any of the insurance policies that are the subject of this lawsuit. Because there is no contractual privity between Plaintiff and AIG, Defendant argues that the requested declaratory judgement cannot be issued against AIG and Plaintiff fails to state a viable claim against AIG. In response, Sun Chemical argues that it did in fact bring a viable claim for declaratory relief against AIG and contends that the New Jersey Declaratory Judgment Act mandates the inclusion of AIG as a defendant to the action.

The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.  A complaint will survive a motion under Rule 12(b)(6) only if

it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

As previously explained in this Opinion, the requested relief sought in the Complaint cannot be granted against Defendant AIG. Defendant AIG is an insurance holding company and there is no allegation, in either the Complaint or any of the moving papers associated with the pending motions in this matter, that AIG or AIG Claims issued an insurance policy to Plaintiff upon which the requested relief may be granted. Only the insurance companies themselves issued such policies and each of those insurance companies have appropriately been included as named defendants in the subject litigation. Because the requested relief for declaratory judgment rests entirely on the contractual relationship between Plaintiff and the insurance companies that issued the relevant insurance policies, there is no form of relief that this Court could possibly grant against Defendant AIG. The same logic applies to AIG Claims, the purported "authorized administrator" of the claims, meaning that AIG's relationship to AIG Claims is irrelevant and does nothing to create liability or provide a means by which the requested relief may be granted against AIG. Any purported financial interest that AIG may have fails to survive Defendant's motion under Rule 12(b)(6); Plaintiff contends that, because of this financial interest, the New Jersey Declaratory Judgment Act mandates the inclusion of AIG as a defendant in this matter. N.J.S.A. 2A:16-56 ("When declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding.") This argument is irrelevant to the standard that the court must employ when evaluating a motion to dismiss under Rule 12(b)(6). The Court must only consider whether Plaintiff presents facts that state a claim for relief. Here, Plaintiff has clearly failed to meet that standard. It is

22

abundantly clear that neither AIG nor AIG Claims entered into a contract with Sun Chemical. Sun Chemical seeks relief in the form of a declaration of the rights and responsibilities owed to it under four separate insurance policies. Such relief can only be granted against those companies that were parties to the contract with Plaintiff and no facts have been presented that, if true, state a claim for relief that is plausible on its face against Defendant AIG. Accordingly, this Court will grant Defendant AIG's motion to dismiss under Rule 12(b)(6) for failure to state a claim.

### IV.   CONCLUSION

For the foregoing reasons, the Court will deny Sun Chemical's motion to remand and deny Sun Chemical's cross-motion to amend the Complaint to add Sequa as a defendant. The Court will grant Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court will also grant Defendant's motion to dismiss for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5) and will dismiss the Complaint against AIG on this alternative basis. Finally, the Court will grant Defendant American International Group's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and will dismiss the claims with prejudice.  An appropriate Order will be filed.


        _____s/ Stanley R. Chesler____
        STANLEY R. CHESLER
        United States District Judge


Dated:  September 9, 2020