UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUN CHEMICAL CORPORATION,

    Plaintiff,

vs.

AMERICAN INTERNATIONAL GROUP, INC.; AMERICAN HOME INSURANCE; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and LANDMARK INSURANCE COMPANY,

    Defendants.

Civil Action No. 2:20-6252 (SRC-CLW)

**THIRD AMENDED PRETRIAL SCHEDULING ORDER**

    **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 20, 2022, and the parties having reviewed the Court's Civil Case Management Order as well as the Local Civil Rules, and for good cause shown,

    **IT IS** on this __20__ day of January, 2022;

    **ORDERED THAT** the next event in this matter will be a telephone conference on _____ at _____ am/pm; and **FURTHER ORDERED** that this matter will proceed as follows:

1. **Fact Discovery Deadline.** Fact discovery is to remain open through **November 2, 2022**. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. **Motions to Add New Parties.** Any motion to add new parties, whether by amended or third-party complaint, must be electronically filed no later than **August 15, 2022**.

3. **Motions to Amend Pleadings.** Any motion to amend pleadings must be electronically filed no later than **August 15, 2022**.

4. **Rule 26 Disclosures.** The parties shall exchange disclosures pursuant to Rule 26 no later than **October 15, 2020**.

5. **Interrogatories.** The parties may serve interrogatories limited to 40 single questions including subparts, on or before **November 15, 2020**, which shall be responded to by **January 15, 2021**.

6. **Document Requests.** The parties may serve requests for production of documents on or before **November 15, 2020**, which shall be responded to by **January 15, 2021**. The parties agree that they will serve their initial document productions on or before **November 8, 2021**.

7. **Depositions.** The number of depositions to be taken by each side shall not **exceed 15**. If the parties believe they need additional depositions and can show good cause for same they can, jointly or individually, approach the Court for permission.

8. **Electronic Discovery.** The parties are directed to Rule 26(f), as amended, which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

9. **Discovery Disputes.** Please refer to the Court's Civil Case Management Order.

10. **Motion Practice.** Please refer to the Court's Civil Case Management Order.

11. **Expert Reports.**

    a) Plaintiff's expert reports shall be served no later than **December 1, 2022**;
    b) Defendants' expert reports, including responsive expert reports, shall be served no later than **February 2, 2023**;
    c) Plaintiff's responsive and rebuttal expert reports shall be served no later than **April 3, 2023**;
    d) Defendants' rebuttal expert reports shall be served no later than **May 1, 2023**; and
    e) Expert depositions shall be completed no later than **June 15, 2023**.

12. **Form and Content of Expert Reports.** All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

13. **Extensions and Adjournments.** Please refer to the Court's Civil Case Management Order.

14. **Protective Orders.** Any proposed confidentiality order agreed to by the parties must strictly comply with Rule 26(c), Local Civil Rule 5.3, and applicable case law. Please also refer to the Court's Civil Case Management Order.

15. **Local Rules.** The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

16. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY OTHER ORDERS WILL RESULT IN SANCTIONS.**

*/s/ Cathy L. Waldor*
CATHY L. WALDOR
United States Magistrate Judge