# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

Laurence McHeffey, Esq.
Tel. No.: (973) 425-8965
lmcheffey@mdmc-law.com

October 25, 2022

**VIA ECF**
The Honorable Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street, Room 4040, Courtroom 4C
Newark, NJ 07101

**RE:   Sun Chemical Corporation v. American International Group, Inc., *et al*.**
       **Docket No.:  2:20-cv-6252-SRC-CLW**
       **MDMC File No.:  A0014-1743**

Dear Judge Waldor:

This firm represents Defendants American Home Assurance Company, improperly pleaded as American Home Insurance, and National Union Fire Insurance Company of Pittsburgh, Pa. (in its own right and as successor-in-interest to Landmark Insurance Company) (collectively, "Defendants") in the above-captioned matter filed by Sun Chemical Corporation ("Plaintiff" or "Sun Chemical"), (together, the "Parties").

Defendants write to outline certain outstanding discovery issues in advance of the upcoming case management conference. The Parties have met-and-conferred, and while we are hopeful of resolution we wanted to set out the remaining issues for the Court.

I.   Sun Chemical's Failure to Produce Outstanding Production Expected in July 2022

Sun Chemical indicated it would produce additional documents in late July 2022. Despite repeated requests for an update as to the status of this production, none was provided until the meet and confer on October 20, 2022. Defendants demand the production and any accompanying privilege log for that production. Sun Chemical advised that it would be unable to make that production until 2023, but agreed to produce the documents and accompanying privilege log no later than January 15, 2023. Defendants seek confirmation that this production will in fact be received no later than this date.

II.  Sun Chemical's Sequa Litigation Production

Sun Chemical recently produced what it has unequivocally identified to Defendants as an exact copy of Sequa's document production in the Sequa litigation (produced August 30, 2022).

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

Sun Chemical had seemingly not produced Sun Chemical's own production in the Sequa litigation. An explanation was repeatedly requested, but no explanation was provided until October 2022 when Sun Chemical promised to clarify what has been produced and how it correlates to the privilege logs. For example, explanation was sought as to how the bates stamped numbering correlates to the Sun Chemical production in this action if at all, but for months no explanation has been provided. Sun Chemical promised to conduct its due diligence to confirm exactly what has been produced and how it correlates to the privilege logs in writing in advance of our next meet and confer scheduled for November 2, 2022.

To the extent not produced, Defendants demand Sun Chemical's productions in the Sequa litigation and the privilege logs for the instant litigation. Sun Chemical's productions have been piecemeal and are all lacking a material element of discovery that is required to fully understand the documents that are being/have been produced and withheld.

   III.   Sun Chemical's Failure to Produce Privilege Logs

Sun Chemical is obligated to provide a privilege log for its document production under the Federal Rules. No exception to this requirement was made under the ESI protocol. Sun Chemical made a proposal to use the ESI Protocol as a means to limit its obligations to provide a privilege log under the Federal Rules, which proposal Defendants rejected.

Defendants have repeatedly requested privilege logs for Sun Chemical's productions from November 2021 and June 2022. The November 2021 and June 2022 productions include hundreds – if not thousands – of Bates Stamped documents which simply are simply marked "withheld."  In many cases, Defendants have no idea of the provenance of Plaintiff's withheld documents nor the claim of privilege.

For the first time during our meet-and-confer last week (October 20, 2022), it was explained that privilege logs we received for other litigation correlates to these productions, but the correlation has not been explained and confirmation of this has not yet been provided. Sun Chemical promised to provide clarification and confirmation within the next two weeks. Additional questions arose about productions purportedly made in January and March that we have no record of receiving. Sun Chemical advised that it will look back at its records and promised to clarify what productions it is referencing or if this was identified in error also within the next two weeks. Again, we have been seeking this information and clarification of Sun Chemical's own document productions since at least November 2021.

If the privilege logs received do not in fact correlate to any production received, Sun Chemical still needs to provide privilege logs for productions received to date. Additionally, Sun Chemical must provide privilege logs for long overdue productions and future productions.  On March 24, 2021, Sun Chemical indicated that it would provide a "proposal" as to the privilege

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

log issue but has not done so to date. Rather, Sun Chemical has expressed that, "[A]ny agreement on privilege needs to include" a laundry list of exceptions that Defendants do not agree to. Sun Chemical wrote, "We doubt there is anything left to be logged if these categories are excluded, as they should be, from the log." In other words, Sun Chemical has failed to produce a privilege log and seeks Defendants' agreement to free Sun Chemical from its obligation to produce a privilege log. As explained repeatedly, including during meet and confers concerning the ESI Protocol when the same or similar request was made and rejected, Defendants have not – and will not – agree to those terms. Defendants will not agree to waive Sun Chemical's obligations under the Federal Rules as a privilege log is necessary for Defendants' review of the documents Plaintiff is withholding under a claim of privilege.

Sun Chemical also refuses to log any documents from October 2017 onwards rather than log all privileged documents up until the date of this litigation. Sun Chemical promised to provide case law as to its basis for this objection in advance of our next meet and confer on November 2, 2022.

  IV.   Interrogatories and Document Demands

Sun Chemical refused to produce responsive information and documents to twenty-nine (29) discovery demands. The Parties have repeatedly met and conferred regarding these deficiencies, and certain issues were resolved by Sequa's agreement to Sun Chemical producing its production from the Sequa litigation. However, a majority remain unanswered and the Parties are at an impasse as to certain discovery demands. Notwithstanding, Sun Chemical and Defendants are attempting to resolve these issues amongst themselves and will return to the Court on any issues on which the Parties are at an impasse in order to proceed to motion practice. For example, Defendants seek copies of the documents that Sun Chemical *is* willing to produce and, as needed, proceed to motion practice on redactions and withheld documents at a later time, but these documents have not been produced to date.

  V.    Additional Outstanding Discovery Issues

Defendants identified a series of issues in correspondence to Sun Chemical, including but not limited to correspondence dated August 11, 2022, August 29, 2022, August 30, 2022, and October 12, 2022. Most of these identified issues remain in dispute, open questions or unanswered. The Parties intend to continue working through these issues at the next meet and confer on November 2, 2022. In the event these disputes remain unresolved, the Parties will jointly file a letter outlining the disputes and seek to proceed to motion practice.

Because we have not been provided with documents (namely, the production responsive to the search terms that Sun Chemical agreed to produce in July), Defendants have not been able to conduct meaningful discovery and have been restricted in the ability to take depositions.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

Further, we continue to ask specific questions to clarify unclear information requested regarding the documents which have been produced. For example, we seek unredacted copies of documents and also all submissions made to the neutrals as to this allocation as well as any and all final allocation reports relating to the Berry's Creek Study Area ("BCSA") allocation process.

With respect to the Lower Passaic River Study Area ("LPRSA") and the Confidential Alter Echo Allocation Process referred to in Sun Chemical's Complaint at Paragraph Nos. 35-36, we demanded all documents submitted in connection with the allocation process submitted by Sun Chemical and Sequa as well as any and all interim or final allocations. This is material and highly relevant to the instant case.

Defendants' requests have been made without prejudice to their right to full and complete responses to their discovery requests.

Defendants have operated in good faith and continue to work with Plaintiff to resolve the outstanding issues in further meet and confers. Given the delays on hearing from Plaintiff, additional time is needed to resolve issues and prepare a joint letter as to unresolved issues in need of motion practice.

Defendants look forward to meeting with Your Honor at the case management conference on Thursday, October 27, 2022. Thank you.

Very truly yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*/s/ Laurence McHeffey*
Laurence McHeffey, Esq.

cc:  All Counsel of Record (via ECF Notification)