

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ  08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4240
Email: mndonovan@norris-law.com

October 26, 2022

**Via ECF**

Hon. Cathy L. Waldor, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   Sun Chemical Corporation v. American Home Assurance Company, et al.
        Civil Action No. 2:20-cv-6252 (SRC-CLW)

Dear Judge Waldor:

      This firm represents Plaintiff, Sun Chemical Corporation ("Sun Chemical").  We write in response to the letter that Defendants' counsel Laurence McHeffey filed last night.  This is not a joint letter despite Mr. McHeffey's repeated use of the pronoun "we" throughout the letter.  "We" refers only to the defendant carriers he represents.  Mr. McHeffey's letter is a unilateral attempt by Defendants to raise issues that are not ripe for Your Honor's attention.  Defendants' attempt to outline discovery issues in advance of today's conference is a violation of the local rules and Your Honor's standing order in this matter.  When we first raised this with pro hac defense counsel Lydia Deutsch, who has taken the lead in all meet and confers, more than a week ago, she advised that she did not have the standing order or local rules and requested that we send her a copy.  We again discussed those rules in our meet and confer on October 20th and reiterated that they must be followed.  Second, defendants' own letter admits that any discovery submission is premature as the parties are still meeting and conferring, and have two additional conferrals scheduled for November 2, 2022 and November 8, 2022.  Therefore, none of the issues raised are ripe for Your Honor's attention at this time.

      We asked Ms. Deutsch (and Mr. McHeffey who signed the letter submitted at 6:53 last night) to withdraw it by 9:30 this morning.  They had told us at the meet and confer on October 20th that they would get back to us to let us know if they thought any letter should be submitted to the Court in advance of today's conference.  We received an email at 6:31 last night after they had procured our consent (sought and obtained yesterday morning) to 60 days to plead or otherwise move in response to the amended complaint that was filed on October 17th, that they intended to file a letter with the Court regarding their discovery issues.  They filed the letter with the Court 23 minutes later.  We add, in addition to the foregoing, that Sun Chemical has provided

Hon. Cathy L. Waldor, U.S.M.J.
Page 2
October 26, 2022

defendants with every courtesy on discovery as requested by prior lead counsel on numerous occasions, including adjournments and extensions

By way of further detail: On October 20, 2022, we had a conferral, which we believed to be productive and thought we had resolved many of the issues raised in defendants' letter.  Prior to that meet and confer, defendants requested (as *quid pro quo* for consenting to the filing of an amended complaint) that we agree to request a six-month extension of discovery.  We agreed.  During the meet and confer, Mr. McHeffey advised that it likely would take even more time than six months to complete discovery in this case.  We agreed with him and noted that Great American, the new party was just served this past Monday, and would clearly need additional time for written discovery.

Upon learning of the letter submitted last night (they knew I was travelling yesterday to Tennessee for a 30(b)(6) deposition scheduled for tomorrow), we demanded that defendants withdraw their letter by 9:30 this morning, or that we would reconsider that consent to allow 60 days to answer or otherwise move.  Again, that consent was obtained by failing to reveal their intention to file this letter.

Since defendants have not withdrawn the letter, we are compelled to respond to the key issues and misrepresentations and advise the court of the following:

I.      Productions: Sun made multiple productions of Sun's documents on November 9 and 10, 2021, and January 27, March 24, and June 20, 2022.  On August 30, 2022, we also produced Sequa's production, after the defendants obtained approval from Sequa (which is not the legal predecessor to Sun Chemical and which the defendants opposed, on motion, being added as a party defendant to this case).  We also produced the privilege logs in that matter including Sequa's log that was requested for the first time within the last two weeks.  Defense counsel acknowledged that the associate from this firm who agreed to make the remaining Sun production in July left the firm almost immediately after sending that email, and agreed to provide leeway because of staffing turnover on this matter.  Moreover, defendants agreed to a January 15, 2023 date for production (after running of search terms) during the October 20, 2022 meet and confer.

II.     Sun Chemical's Sequa Litigation Production:  As defendants acknowledge, we provided an explanation in writing prior to the meet and confer and during the confer regarding the productions.  Ms. Deutsch agreed to go back to her files to confirm what she was missing, and we agreed to provide those productions again, if she was missing them.  Ms. Deutsch did not communicate further with us as to any alleged failure to receive any of those productions.

III.    Privilege Log: Although we have already produced the prior logs in the Sequa litigation (for both Sequa and Sun's production in that matter), we agreed to produce any remaining logs by January 15th.  We also agreed to provide the case law needed regarding the outstanding issues concerning those logs including whether all communications with in-house counsel over the

Hon. Cathy L. Waldor, U.S.M.J.
Page 3
October 26, 2022

course of litigation spanning almost 20 years must be logged.  The logs in this matter are further complicated because he privilege log issues involve confidential/mediations in connection with Lower Passaic River and Berry's Creek matters.  If we cannot amicably resolve our issues concerning the scope of logs, we expect this to be the subject of a subsequent joint letter and motion practice with full briefing.  We fully expect that liaison counsel in those matters and all parties to those matters will likely move to intervene.  We already agreed to produce Sun's submissions to the allocators in Lower Passaic and Berry's Creek pursuant to the discovery confidentiality order, which should resolve this issue.  We cannot produce Sequa's submissions.  They need to request those from Sequa's counsel (as they did with the underlying discovery in the *Sequa v. Sun* matter).  We plan to discuss this further with defense counsel during our next scheduled meet and confers.  Accordingly, we are not at an impasse now.

IV.	Additional Outstanding Discovery:  Defense counsel fails to mention that we asked but Ms. Deutsch and Mr. McHeffey would not advise if they have another production or productions to make now that the complaint has been amended to include additional National Union and Landmark policies.  We point out that the carriers have refused to produce anything but certain underwriting and claims files, so when motions are filed, they will be bilateral.  However, we believe, as the rules require, that these motions should be submitted once all meet and confers are concluded and after the necessary joint letter to the court is submitted and discussed.  Considering the six-month extension defendants requested, and with which Sun Chemical concurs, not to mention the recent service on Great American, this outreach by defendants is premature.

We are happy to address any questions with Your Honor during today's conference.  However, we strongly encourage that the matters raised in defendants' submission should be dismissed as premature and the parties should continue to resolve any remaining issues through meet and confers.  If the parties come to an impasse, we will then file a joint letter, as required, for the Court's consideration.

Respectfully submitted,

*[signature]*

Martha N. Donovan

cc:	Lydia K. Deutsch, Esq.
	Laurence McHeffey, Esq.
	Margaret Raymond Flood, Esq.